# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60088
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2018

Lyle W. Cayce
Clerk

SALAH ATIA, also known as Rodberg,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A212 904 238

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.
PER CURIAM:[*]

Salah Atia, a native and citizen of Syria, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his applications for asylum and protection under the Convention Against Torture (CAT). Atia argues that the BIA's denial of asylum based on his religion and opposition to military conscription is not supported by substantial evidence and neither is its denial of his claim for CAT

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

protection.  Atia also asserts that the IJ and BIA failed to adjudicate his claim for withholding of removal.

Atia did not argue before the BIA that the IJ failed to adjudicate his withholding of removal claim.  As a threshold matter, the IJ specifically concluded that Atia had not met the standard for withholding.  In any event, because he did not exhaust his contentions that the IJ and BIA did not sufficiently address withholding, we lack jurisdiction to consider this claim. *See Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

We review for substantial evidence the determination that an alien is not eligible for relief. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under that standard, we may not reverse the factual findings of the BIA unless the evidence compels it, i.e., the evidence must be so compelling that no reasonable factfinder could conclude against it. *Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009).

Our review of the briefs and record satisfy us that substantial evidence supports the conclusion that Atia was not entitled to asylum or withholding of removal based on any of his claims of persecution.  *See Chen v. Gonzales*, 470 F.3d 1131, 1136-38 (5th Cir. 2006); *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005); *Milat v. Holder*, 755 F.3d 354, 361 (5th Cir. 2014).  Finally, regarding Atia's entitlement to protection under the CAT, the record evidence would not compel a reasonable person to reach a different conclusion than that of the IJ and BIA. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354-55 (5th Cir. 2002).

PETITION DENIED IN PART AND DISMISSED IN PART FOR LACK OF JURISDICTION.